ORIGINAL

# In the United States Court of Federal Claims

No. 17-1505C

(Filed: February 13, 2018)

**(NOT TO BE PUBLISHED)**

FILED

FEB 1 3 2018

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **MICHAEL HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Michael Harris, *pro se*, Los Angeles, California.

Melissa L. Baker, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the motion were Chad A. Readler, Principal Deputy Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Lisa L. Donahue, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Michael Harris, brings suit against the United States Attorney General and the United States Postal Service, alleging violations of "multiple sections of USC Title 18," including obstruction of justice. Compl. at 2. These allegations mirror claims made in an earlier case Mr. Harris filed in this court, 17-1247C, and are accompanied by contentions relating to the court's disposition of that case under 28 U.S.C. § 1915. *See* Compl. at 2. In the prior case, Mr. Harris endeavored to state claims related to proceedings in a California state court arising out of a suit he filed against the Los Angeles Police Department. *See Harris v. United States*, No. 17-1247C, 2017 WL 4249920 (Fed. Cl. Sept. 26, 2017).[1]

---

[1] At the time the prior case was dismissed, a hearing had been scheduled in Mr. Harris's state case. *See Harris*, 2017 WL 4249920, at \*2 & n.3. The state case has since been dismissed for failure to file proof of service and for failure to appear at a hearing scheduled for September

In this case, the court granted Mr. Harris's motion to proceed *in forma pauperis* on January 4, 2018. Pending before the court at this juncture is the government's motion to dismiss for lack of subject matter jurisdiction, Def.'s Mot. Dismiss ("Def.'s Mot."), ECF No. 7, which motion is ready for disposition.

## BACKGROUND

In his initial suit filed with this court, Mr. Harris alleged that the California state courts and the Los Angeles County Sheriff's Office were violating various federal criminal laws by preventing him from receiving mail related to the case he had filed in state court against the Los Angeles Police Department. *See Harris*, 2017 WL 4249920, **1-2. He further asserted that the Sheriff's Office and the state court were refusing to effectuate service on the defendants in his state action. He sought "the higher of either $5,000,000 or the 'current day value of the Adamson House Museum located in Malibu, California.'" *Id.* at *2 & n.4.

In the present case, Mr. Harris alleges that the Attorney General "did obstruct justice by attempting to prevent himself from having to investigate his client defendants[, the Postal Service,] for violations of USC Title 18 as well as the same for [the] superior court for the state of California." Compl. at 2. He contends that the Postal Service "obstruct[ed] justice by not giving the claimant his mail from the superior court for the state of California," Compl. at 2, and that the Attorney General obstructed justice by directing a subordinate attorney to appear in the prior case in this court to defend the United States against his complaint. *See* Compl. at 2-4 ("[T]he Attorney General obstructed justice by deflecting the matter to his agent[,] . . . a commercial civil attorney with defendants DOJ[,] to defeat any efforts requiring the Attorney General to act to the detriment of his client defendants[, the Postal Service], and to allow himself to act in violation of his oath of office.").

Mr. Harris also reiterates allegations he made against the California state courts, arguing that they too obstructed justice, though he does not proffer supporting facts. *See* Compl. at 4-5 ("The following applies to co-defendants DOJ and [the Postal Service], as well as for the superior court for the state of California: . . . [o]bstructing justice . . . .").

As a remedy, Mr. Harris again requests either $5,000,000 or an amount equal to the value of the Adamson House Museum. Compl. at 3. He has dropped his request for "an order 'directing the postal police to investigate the violations of U.S.C. Title 18 section[s] 1341 and 1701 and turn their findings over to the U.S. Attorney for convening a federal grand jury for their findings of indictment or dismissal or the charges.'" *Harris,* 2017 WL 4249920, *2 & n.5.

## STANDARDS FOR DECISION

As plaintiff, Mr. Harris has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The leniency afforded a *pro se* litigant as to formalities does not relieve them from meeting their jurisdictional burden. *Kelley v.*

---

15, 2017. *See Harris v. Los Angeles Police Dep't*, No. BC665585, Case Summary available at http://www.lacourt.org/casesummary/ui (last visited February 13, 2018).

*Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). This court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act waives sovereign immunity and allows a plaintiff to sue the United States for money damages, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), but does not provide a plaintiff with any substantive rights, *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398). Criminal statutes are outside the scope of this court's jurisdiction. *See* 28 U.S.C. § 1491; *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [C]ourt [of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.").

"If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added).

## ANALYSIS

Mr. Harris, in contending that the defendants are obstructing justice, does not cite to a particular statutory provision he alleges they violated. *See generally* Compl. Obstructing justice, as the government submits, "generally [is] criminal in nature." Def.'s Mot. at 4; *see also Ullman v. United States*, 2005 WL 2446063, at *4 ("Since [plaintiff's] claim for obstruction of justice cannot be viewed as anything but criminal in nature, the Court of Federal Claims does not have jurisdiction to consider it on the merits."). Accordingly, Mr. Harris's claims alleging obstruction of justice are outside this court's jurisdiction and must be dismissed.

Likewise, as the government argues, Mr. Harris's claim that the Postal Services failed to deliver mail, also is not within court's jurisdiction because this court does not have jurisdiction over claims sounding in tort. *See* 28 U.S.C. § 1491(a); Def.'s Mot. at 5 (citing *Blazavich v. United States*, 29 Fed. Cl. 371, 374 (1993) ("Plaintiff's case appears to arise out of the negligent or tortious handling of the mail by the [Postal Service], . . . and, as such, should be dismissed.") (emphasis omitted)).

Finally, to the extent Mr. Harris intends to reallege wrongdoing on the part of the California state courts, those claims must also be dismissed as outside this court's jurisdiction. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the [Court of Federal Claims].") (internal citations omitted).

In short, Mr. Harris's complaint alleges wrongdoing that can only be interpreted as criminal or tortious in nature, or wrongdoing on the part of actors other than the United States, and this court has no jurisdiction to hear those claims.  Because Mr. Harris has failed to plead any facts that would give rise to jurisdiction in this court, his complaint must be dismissed.

## CONCLUSION

For the reasons stated, the court finds that it has no jurisdiction to consider Mr. Harris's claims, and thus the court GRANTS the defendant's motion to dismiss.  The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge